## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ERICKA MAYS,

      Plaintiff,

      v.

DOWNTOWN HOSPITALITY
GROUP OF FLORIDA, LLC,

      Defendant.

Case No. 6:23-cv-1524-RBD-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 20), filed January 3, 2024. The motion has been referred to me for a report and recommendation. Upon consideration, I respectfully recommend that the Court deny the motion in part and grant it in part.

## I. BACKGROUND

In her complaint, Plaintiff alleges that she was a bartender employed by the Defendant, which runs the Sky Lounge nightclub in Orlando. Dkt. 1 ("Compl.") ¶¶ 1–6. Defendant required its tipped employees to pay into a tip pool. *Id*. ¶ 15. Defendant retained a part of the funds paid into the pool to distribute to the club's management. *Id*. ¶ 16. Plaintiff alleges this

arrangement violated federal law and caused her to receive less than minimum wage required under the Fair Labor Standards Act. *Id*. ¶¶ 14–21, 24–32.

The Clerk entered default against Defendant on November 29, 2023. Dkt. 19. Plaintiff now moves for entry of a judgment against Defendant awarding her $708.54 in actual and liquidated damages, as well as $4,410 in attorney's fees. Dkt. 20 at 3–4.

## II.   LEGAL STANDARDS

### A.   Entry of a Judgment by Default

A district court may enter a judgment by default when a party fails to plead or defend. Fed. R. Civ. P. 55(b). Entry of default judgment is warranted only if there is a sufficient basis in the pleadings for judgment. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). This standard is like that needed to survive a motion to dismiss or failure to state a claim. *Id*. It looks to whether a complaint has enough factual matter, accepted as true, to state a claim to relief plausible on its face. *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible when a plaintiff pleads factual content sufficient to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*.

**B.     Fair Labor Standards Act**

The FLSA requires every employer to pay a minimum wage to each of its employees who, in any workweek, is (1) engaged in commerce or in the production of goods for commerce or (2) employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); *see Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926, 2009 WL 1607809, at *3 (M.D. Fla. June 9, 2009) (citing Eleventh Circuit Pattern Jury Instructions-Civil 1.7.1 (2005)).

### III.   ANALYSIS[1]

I will first review the sufficiency of the allegations in the complaint and then analyze if Plaintiff has established her damages.

**A.     Sufficiency of the Allegations in the Complaint**

The allegations found in the complaint are enough to establish Plaintiff was employed by Defendant and was paid less than minimum wage due to Defendant's tip pool policy. *See* 29 U.S.C. §§ 203(e)(1), (d). But to receive a default judgment, the complaint must have enough factual matter to establish either individual or enterprise coverage under the FLSA.

---

[1] Plaintiff has established that Defendant was properly served under Florida Statute 48.091. *See* Dkt. 17. It thus appears that service, and therefore the Clerk's default, is proper. The Court also has subject matter jurisdiction over Plaintiff's FLSA claim. *See* 28 U.S.C. § 1331.

### i.      Individual Coverage

An employee qualifies for individual coverage under the FLSA if she regularly and "directly participat[es] in the actual movement of persons or things in interstate commerce." *Thorne v. All Restoration Servs. Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). To determine if an employee performed work establishing individual coverage, a court focuses on the activities of the employee. *Mitchell v. Lublin McGaughy & Assoc.*, 358 U.S. 207, 211 (1959). An employee is engaged in commerce if her activities "are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld*, 319 U.S. 491, 497, (1943). For an employee to show that she was "engaged in commerce" for individual coverage, she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thune*, 448 F.3d at 1266 (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

Plaintiff alleges that Defendant's employees "handled goods, materials and supplies which travelled in interstate commerce, such as food, national brand sodas, national brand alcoholic beverages, point of sale systems, napkins, straws, smart tablets, phones, restaurant/bar equipment and other items used to run the business." Compl. ¶ 11. This allegation does not show

that Plaintiff was working as an instrumentality of commerce—that is, as a worker in the transportation or communication industries. Nor does it show that Plaintiff regularly used the instrumentalities of interstate commerce. Cases analyzing the same duties alleged in the complaint find conclude those duties do not establish individual coverage under the FLSA. *See, e.g.*, *Perez v. Nwb Aspen, Inc.*, No. 6:16-cv-412, 2016 WL 5853734, at *3 (M.D. Fla. June 6, 2016), *report and recommendation adopted*, 2016 WL 5815903 (M.D. Fla. Oct. 5, 2016) (collecting cases); *Martin v. Briceno*, No. 11-cv-23228, 2014 WL 2587484, at *2-3 (S.D. Fla. June 10, 2014) (finding plaintiffs who were "waiters, servers, bartenders, and bus boys are not entitled to individual coverage because their duties involved processing credit card transactions and serving food and beverages"). Thus, the allegations are insufficient to establish individual coverage under the FLSA.

### ii. Enterprise Coverage

Regarding "enterprise" coverage, a covered enterprise under the FLSA is one that:

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(I)(A). The FLSA requires that a business meet both prongs to be liable to employees under enterprise coverage. *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009).

In her complaint, Plaintiff alleges that Defendant employs about twenty workers who handle materials that "travelled in interstate commerce," such as alcohol, food, and other items. Compl. ¶¶ 10–11. These factual allegations are enough to establish Defendant employs over two employees who handle materials as a regular part of Defendant's business. *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1225 (11th Cir. 2010) ("imagin[ing] that, where a restaurant uses interstate cooking equipment as an article to perform its commercial activity of serving food, the restaurant is engaged with 'materials' that will subject the business to FLSA coverage").

Plaintiff also alleges that Defendant grosses more than $500,000 per year in sales. *Id.* ¶ 9. This allegation is enough to satisfy the second prong of section 203(s)(I)(A). *See, e.g.*, *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296, 2019 WL 2931469, at *4 (M.D. Fla. June 19, 2019), *report and recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019).

Plaintiff has therefore plead enough facts to establish a violation of the FLSA's minimum wage requirement under enterprise coverage.

**B.    Damages**

    **i.    Actual and Liquidated Damages**

Any employer who violates the FLSA's minimum wage and overtime provisions is "liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). To obtain final default judgment in a case for money damages, the plaintiff must also submit detailed affidavits, or other evidence, showing the particular amounts to which she is entitled. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir.1985) ("Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts.") (citation omitted). Liquidated damages must be awarded absent a finding that the employer acted in good faith and under the reasonable belief it complied with the FLSA. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) ("[L]iquidated damages are mandatory absent a showing of good faith.") (citation omitted).

Plaintiff submitted a declaration showing that she was not paid minimum wage by Defendant and that she is due $354.27. Dkt. 20-1. This evidence establishes Plaintiff's actual damages. She is also due an award of liquidated damages, as Defendant has not shown it acted in good faith. *See,*

*e.g.*, *Maldonado v. Stoneworks of Manatee, LLC*, No. 8:17-cv-60, 2020 WL 10486667, at *1 (M.D. Fla. Jan. 27, 2020) (explaining that a defendant's failure to respond to the complaint was a failure to show good faith). I find that Plaintiff is entitled to actual and liquidated damages totaling $708.54.

### ii.    Attorney's Fees and Costs

The FLSA also provides that successful plaintiffs have the right to an award of reasonable attorney fees and "costs of the action." 29 U.S.C. § 216(b). Plaintiff seeks an award of attorney's fees for $4,410. Dkt. 20 at 11. Plaintiff's counsel indicates he is asking for a rate of $450 for nearly 10 hours of work. Dkt. 20 at 10; *see also* Dkt. 20-2.

Laws such as the FLSA award reasonable attorney fees. Courts have settled on the lodestar method of determining such fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (discussing the evolution of caselaw from *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). The loadstar method is used "because it produces a more objective estimate and ought to be a better assurance of more even results." *Id.* This method involves multiplying a reasonable hourly rate by the number of hours reasonably worked by counsel. *Id.*

A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299. "Market rate" is

the hourly rate charged in the local legal market by an attorney with experience in this area of law who would be willing and able to take the case. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant must establish that the requested rate tracks the prevailing market rate. *Norman*, 836 F.2d at 1299. Satisfactory evidence, at a minimum, must consist of "more than the affidavit of the attorney performing the work" and "must speak to rates actually billed and paid in similar lawsuits." *Id.* Further, because the Court "itself is an expert on the question [of attorney's fees]," it may "consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303.

Counsel does not adequately support his requested hourly rate. Counsel provides almost no information to substantiate his requested hourly rate. No retainer agreement was submitted. Counsel provides no information about his experience or specialty, if any. Instead, he relies only on a survey published by the Florida bar, arguing a $450 per hour rate is reasonable because "35% of Central Florida attorneys charge more than $400 per hour." Dkt. 20 at 11. This is not adequate. That a subset of attorneys in Central Florida can command a rate higher than $400 per hour does not demonstrate that counsel has similar skills, experience, and reputation as the attorneys who command that rate. Further, counsel focuses on the wrong statistic—the relevant statistic from the

survey is the median hourly rate for the Central Florida, which is $375 per hour. *See Results of the 2022 Economics and Law Office Management Survey*, at 10, https://www-media.floridabar.org/uploads/2022/11/2022-Florida-Bar-Economics-and-Law-Office-Mgmt-Survey-Report-Final.pdf.

Although counsel's declaration supporting the requested fees does not provide the Court with any information about counsel's work history and experience, a search of counsel in the Florida Bar directory indicates that counsel has been a member of the Florida bar since 2010.[2] And according to the biography available from his firm's website, he practiced criminal law in state court for some time.[3] So it appears counsel has had a general civil practice for about ten years or less.[4]

---

[2] Matthew Ryan Gunter, https://www.floridabar.org/directories/find-mbr/profile/?num=77459. Though I recognize Plaintiff bears the burden of supporting her fee request, its in the Court's interest to expeditiously put this matter to an end as a "concession to the shortness of life," as Justice Holmes once said. *Barnes*, 168 F.3d at 432 (quoting *Reeve v. Dennett*, 11 N.E. 938, 944 (Mass. 1887)).

[3] Matthew R. Gunter, https://www.forthepeople.com/attorneys/matthew-r-gunter/.

[4] Counsel's level of experience is somewhat surprising given the number of basic errors in federal practice that the Court was required to address during the limited prosecution of this matter. *See* Dkts. 12 (advising counsel of his failure to comply with Local Rule 1.10), 16 (advising counsel of his failure to comply with the requirements of Local Rule 3.01(a), the Court's prior order, and the need to establish entitlement to a clerk's default).

I recently found $300 to be a reasonable hourly rate for a new member of the Florida bar practicing in this locality. *See Ramirez v. R & J Painting Solutions Corp.*, No. 23-cv-631 (M.D. Fla. Nov. 21, 2023), Doc. 34. Other judicial officers have found rate between $300 and $400 to be reasonable in FLSA cases, depending on counsels' experience. *See Lopez v. City Buffet Inc.*, No. 6:19-cv-1151, 2022 WL 783829, at *1 (M.D. Fla. Jan. 7, 2022); (finding that $400 per hour reasonable for an attorney with 16 years of "extensive experience in labor and employment matters such as the one filed in this action"); *see also Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296, 2019 WL 2931469, at *7 (M.D. Fla. June 19, 2019), *report and recommendation adopted*, No. 8:19-cv-296, 2019 WL 2929325 (M.D. Fla. July 8, 2019) (approving $400 per hour in an FLSA case resulting in default judgment for an attorney with 20 years of practice); *Rosa v. SRG Ocoee, LLC*, No. 6:23-cv-139, 2023 WL 4466763 (M.D. Fla. June 22, 2023) (approving a rate of $325 per hour for a lawyer with over 21 years of experience almost exclusively in the labor and employment practice, with representation history of over 300 employees in FLSA lawsuits and experience as lead trial counsel on "several multi-plaintiff cases brought as collective actions under the FLSA"); *De Leon v. Magnum Coatings, Inc.*, No. 8:16-cv-3227, 2017 WL 8794773, at *2 (M.D. Fla. Nov. 7, 2017), *report and recommendation adopted*, 2018 WL 1796227 (M.D. Fla. Jan. 10, 2018) (reducing hourly rate in FLSA case from $400 to $350 and collecting cases in

support). Based on the rates found reasonable in these cases, and the median rate reported in the Florida Bar's 2022 economic survey, I find that $325 is a reasonable hourly rate for a generalist civil lawyer with roughly counsel's years of experience or less in Orlando.

In determining the reasonableness of the hours expended, courts exclude "excessive, redundant, or otherwise unnecessary" hours an attorney could not appropriately bill the client or opposing counsel in the exercise of good billing judgment. *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434 & 437). Like his request for an hourly rate of $450, counsel's request for 9.8 hours of work is an overreach. First, counsel's declaration does not actually state that he performed the tasks listing in the ledger of work performed in this case. It is unreasonable to impose fees on a losing party for work not performed by counsel. Still, giving the context of the declaration, counsel seems to represent to the Court that he performed the work identified in the ledger attached to the declaration.[5]

Second, fee applicants must exercise billing judgment. *Barnes*, 168 F.3d at 428 (quoting *Hensley*, 461 U.S. at 434). If a fee applicant does not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours—which are hours "that would be unreasonable to bill to a

---

[5] Counsel is obligated by his duty of candor to correct me if this inference is incorrect.

client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*"—the court must exercise billing judgment for them. *See id*. at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)). In reviewing requests for attorney's fees, the court exercises its discretion in determining the reasonable numbers of hours expended.

After careful review of the hours requested, I find they are excessive and should be reduced. Plaintiff seeks an award for some work that is administrative or clerical. Dkt. 20-2 at 4 (entries dated June 15, September 12, and October 9, totaling 0.4 hours). This work is considered part of a law firm's overhead expenses and is not compensable. *See, e.g.*, *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1311 (S.D. Fla. 2009); *see also Fox v. Tyson Foods, Inc.*, No. 4:06-cv-4676, 2009 WL 9541256, at *10 (N.D. Ala. Feb. 17, 2009).

Plaintiff also seeks compensation for preparing motions denied because they ignored the requirements of the Local Rules or were required because of counsel's error. *See* Dkt. 20-2 (entries for October 9 and November 3, totaling 1.2 hours), 12 (order denying motion for entry of clerk's default), 16 (order denying motion for entry of clerk's default). Plaintiff also appears to seek an award for work performed but not needed for the prosecution of her claims. Specifically, at least three entries in the ledger provided are for tasks performed *after* Defendant's answer was due and *before* Plaintiff's counsel realized Defendant had defaulted. See Dkt. 20-2 (entries dated September 12

and October 5, totaling 1.4 hours). Time spent preparing motions that do not follow basic legal requirements or that were required due to counsel's errors is not compensable. *Machado v. Da Vittorio, LLC*, No. 09-cv-23069, 2010 WL 2949618, at *5 (S.D. Fla. July 26, 2010) ("The Court will not reward Plaintiff with fees associated with preparing that motion; to do so would be to award an unreasonable fee for substandard work."). The same reasoning applies to tasks that would not have been performed but for counsel's error. *Cf. Hensley*, 461 U.S. at 433 (the lodestar starting point is the "number of hours worked *reasonably expended on the litigation*"). I find this work is not compensable.

Plaintiff also seeks fees for tasks performed before the complaint was filed. Dkt. 20-2 at 4 (entries for May 23 through July 26, totaling 4.5 hours). "[I]t is settled that a prevailing party may recover fees for time spent before the formal commencement of litigation on such matters as attorney-client interviews, investigation of the facts of the case, research on the viability of potential legal claims, drafting of the complaint and accompanying documents, and preparation for dealing with expected preliminary motions and discovery requests." *Webb v. Bd. of Educ.*, 471 U.S. 234, 250 (1985). Most entries here are for work reasonably spent on this case. But the two hours claimed for drafting the complaint seem excessive. The complaint and claim are not complex. Plaintiff's single claim and all the background and procedural averments were covered in only 34 paragraphs. *See* Dkt. 1. The claim itself was

straightforward enough that counsel did not need to conduct any legal research to prepare the complaint. *See* Dkt. 20-2 at 4. I recommend reducing the time entry for drafting the complaint from 2 to 1 hour.

Plaintiff also asks the Court to award costs. Dkt. 1. The declaration attached to the motion indicates that Plaintiff is asking the Court to tax the costs of her filing fees ($402) and for service of process ($160). Filing and service of process fees are recoverable under 28 U.S.C. § 1920(1).[6] Service of process fees are limited to those fees allowed by 28 U.S.C. § 1921 no matter who effects service. *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). "The statutorily authorized fee for § 1921 is set forth in 28 C.F.R. § 0.114." *Countryman Nev., LLC v. Adams*, No. 6:14-cv-491, 2015 WL 574395, at *9 (M.D. Fla. Feb. 11, 2015). Plaintiff is entitled to recover no more than $65.00 per hour for service of process. 28 C.F.R. § 0.114(a)(3). Because Plaintiff's motion has not substantiated the need for more than one hour of service, I find she is entitled to recover $65 in costs for service.

The motion also requests a judgment that directs payment of fees and costs to counsel. That request should be denied, as the FLSA awards fees to

---

[6] Though the FLSA awards costs as part of Plaintiff's recoverable damages, 29 U.S.C. § 216(b), another statute, 28 U.S.C. § 1920, identifies the costs that may be taxed by a federal court. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir.1988) (holding that district court erred in awarding, under 29 U.S.C. § 216(b), fees that exceeded those permitted by 28 U.S.C. § 1920).

the successful plaintiff, not her counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 592 & 593 (2010) (interpreting a similar statute, the Equal Access to Justice Act, to prevent an award directly to counsel).

In conclusion, I find Plaintiff's reasonable attorney's fees and costs to be $2,352, which is the sum of the lodestar calculation ($325 per hour multiplied by 5.8 hours) and taxable costs.

### iii.   Post-judgment interest

Lastly, although Plaintiff did not ask for post-judgment interest in her motion, I also recommend the Court award Plaintiff post-judgment interest because such an award is required by statute. *See* 28 U.S.C. § 1961(a) ("Interest shall be awarded on any money judgment in a civil case recovered in a district court."); *Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-cv-952, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) (stating that the plaintiff's failure to ask for post-judgment interest did not prevent a post-judgment interest award because of the required nature of such an award), *report and recommendation adopted*, No. 6:16-cv-952, 2017 WL 11025405, at *1 (M.D. Fla. Jan. 4, 2017).

In sum, I respectfully recommend that the Court enter a judgment by default in Plaintiff's favor for $3,060.54 plus post-judgment interest.

## IV.  RECOMMENDATIONS

Accordingly, I respectfully recommend that the Court:

1.      **GRANT** the Motion (Dkt. 20) in part and **DENY** the Motion in part;

2.      **DIRECT** the Clerk to enter judgment for Plaintiff and against Defendant in the amount of $3,060.54, together with post-judgment interest; and

3.      **DIRECT** the Clerk to administratively close this matter.

### <u>NOTICE TO PARTIES</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on January 10, 2024.

_____

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record